| 213  | 471 |
|------|-----|
| f213 | 475 |

Estep, Appellant, v. Webster Coal and Coke Company (No. 1).

*Negligence—Railroads—Infant of tender years—Nonsuit.*

In an action against a coal company to recover damages for injuries to a child two years of age, struck by an electric car operated by the defendant, a nonsuit is properly entered where it appears that the accident occurred at a point 200 yards from a public crossing on ground owned by the

defendant; that the car was running at the rate of from six to ten miles an hour; that the motorman while in the proper conduct of his car was so engaged that he did not see the child until within twenty-five or thirty feet of it, and that the conduct of the motorman was in no way wanton or willful.

Argued Oct. 30, 1905. Appeal, No. 132, Oct. T., 1905, by plaintiff, from order of C. P. Cambria Co., June T., 1904, No. 480, refusing to take off nonsuit in case of Burdine Estep, by his father and next friend, H. C. Estep, and H. C. Estep in his own right v. Webster Coal and Coke Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ·O'CONNOR, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Edward L. Kearns*, with him *James B. O'Connor* and *Smith & Kearns*, for appellants.—The case was for the jury : Kay v. R. R. Co., 65 Pa. 269 ; R. R. Co. v. Hummell, 44 Pa. 375 ; Phila. City Passenger Ry. Co. v. Hassard, 75 Pa. 367 ; Gibbons v. Wilkes-Barre & Street Ry. Co., 155 Pa. 279 ; Ehrisman v. Ry. Co., 150 Pa. 186 ; Jones v. United Traction Co., 201 Pa. 344 ; Walbridge v. Schuykill Electric Ry Co., 190 Pa. 274 ; Henne v. Ry. Co., 1 Pa. Superior Ct. 311.

*P. J. Little*, for appellee.—The nonsuit was properly entered: Gillespie v. McGowan, 100 Pa. 144 ; McMullen v. R. R. Co., 132 Pa. 107 ; R. R. Co. v. Hummell, 44 Pa. 375 ; Keegan v. Luzerne Co., 8 Kulp, 160 ; Cauley v. Ry. Co., 95 Pa. 398 ; Rodgers v. Lees, 140 Pa. 475 ; Rachmel v. Clark, 205 Pa. 314 ; Heil v. Glanding, 42 Pa. 493 ; P. & R. R. Co. v. Spearen, 47 Pa. 300 ; Brague v. Ry. Co., 192 Pa. 242 ; Nolan v. R. R. Co., 4 Atl. Repr. 106 ; McDermott v. Ry. Co., 20 S. W. Repr. 380 ; Locke v. R. R. Co., 15 Minn. 350 ; Benoon v. Cent. Pac. R. R.

Co., 32 Pac. Repr. 809; Louisville E. & St. L. R. R. Co. v. Lohges, 33 N. E. Repr. 449; Gaughan v. Philadelphia, 119 Pa. 503; Goshorn v. Smith, 92 Pa. 435.

OPINION BY MR. JUSTICE STEWART, January 2, 1906:

The circumstances under which the injuries in this case were sustained, afford no basis for a recovery by way of compensation. The injured party, a little child less than two years of age, while on the track of the trolley road owned and operated by defendant company, in connection with its coal mines, was struck by a motor drawing an empty train of cars, while on its return trip to the mines, and seriously hurt. The accident occurred at a point about 200 yards from the public crossing, on the ground of the defendant company. It is needless to inquire how the child came to be there; it is enough to know that it was improperly there, and that no responsibility in connection therewith attaches to the defendant in this action. At the public crossing the electric current is broken and the cars are carried across by their momentum. After the crossing is cleared, the motorman is required to readjust the trolley to connect with the power. To do this his attention must be directed to the rear of his car, and for the time being he is prevented from looking in the direction in which the car is moving.

On this occasion he was so engaged, certainly until the motor was within twenty-five or thirty feet of the child. The witness, Alexander, testifies that when he saw the motor first, it was at this distance from the child; that the motorman then had his knee upon his seat with his face toward the rear, and was engaged in fixing his trolley; that up to that time he had not turned around. The evidence affords no reasonable ground to believe that, if the motorman from this point had had an unobstructed view of the child, the accident could certainly have been averted by any degree of vigilance or alertness. The train was running at a speed of from six to ten miles an hour. Upon his cross-examination the witness, Morney, an experienced motorman, testified that he could stop a train such as this was, moving at the rate of speed here given, within forty feet, if the motor were in first-class repair. The witness spoke of his own skill, and not of what was to be expected of the

ordinary motorman. Even with the skill that comes to one of his experience, the rescue of the child under the circumstances we have here, without hurt, would be accounted a hairbreadth escape. Failure to accomplish such a rescue would not impute to the party failing ordinary negligence, much less the gross negligence, without which no liability can attach. The general qualifications of the motorman, Nicholson, are outside of the case; he may have been too young or too inexperienced for the work assigned him in running the motor; but neither of these things contributed to this particular accident. Nor does the circumstance that the train was moving at more than ordinary or usual rate of speed, if such fact appear, affect the case in any respect. It was defendant's own road, operated for its own purpose, on its own land where the public had no rights. There was nothing in the situation, so far as the safety of others was concerned, that called for any rate of speed other than that which best met the requirements of the defendant. The motorman had a right, after he had passed the public crossing, to expect a clear track, and was not guilty of negligence in exceeding the usual rate of speed, if in point of fact he did so, where he had no reason to expect interruption : P. & R. R. Co. v. Spearen, 47 Pa. 300.

The nonsuit was properly ordered and the judgment is affirmed.